PERRY v. ERIE TRANSFER Co.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. ACTION BY NONRESIDENT AGAINST FOREIGN CORPORATION—JURISDICTION.
    Code Civil Proc. § 1780, provides that an action cannot be maintained by a nonresident against a foreign corporation, unless the cause of action arises within the state, or it is sought to recover damages for breach of a contract made within the state, etc. Held, that a nonresident could not sue a foreign corporation in New York to recover for the use of a team hired without the state, though it was used within the state. 20 N. Y. Supp. 891, affirmed.

2. REVIEW ON APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection to an answer cannot be raised for the first time on appeal.

3. JURISDICTION—HOW CONFERRED.
    Jurisdiction cannot be conferred by the consent or admissions of a defendant, where the evidence shows that the court has no jurisdiction of the subject-matter.

Appeal from city court, general term.

Action by Oliver H. Perry against the Erie Transfer Company to recover for the use of teams hired in New Jersey but used in New York. From a judgment of the general term of the city court (20 N. Y. Supp. 891) reversing a judgment for plaintiff, and dismissing the complaint, plaintiff appeals. Affirmed.

For decision on former appeal, see 19 N. Y. Supp. 239.

Argued before BISCHOFF and PRYOR, JJ.

Strong & Cadwalader, for appellant.
Andrew Wesley Kent, for respondent.

BISCHOFF, J.   This is an action by a nonresident of this state against a foreign corporation, jurisdiction of which is expressly interdicted to our courts by section 1780 of the Code of Civil Procedure, except in the instances therein mentioned.   On a former trial we reversed a judgment for plaintiff, because it did not appear that the cause of action arose within this state, and directed a new trial, to enable plaintiff to submit further evidence if such he had.   Perry v. Transfer Co., (Com. Pl. N. Y.) 19 N. Y. Supp. 239. The second trial again resulted in a judgment for plaintiff, which was reversed, and judgment absolute directed for the defendant for dismissal of the complaint by the general term of the court below.   The justices at general term were of the opinion that the evidence introduced for plaintiff on the second trial was insufficient to remove the objection to the maintenance of this action, and in their views we concur.   The denial in the answer was sufficient to put the allegations of the amended complaint respecting the place of payment in issue, (Baylies, Code Pl. p. 226, § 4,) but, in any event, plaintiff is precluded from availing himself of any objection to the answer for the first time on appeal.   Besides, jurisdiction could not have been conferred by defendant's admissions or consent when the facts in evidence show that the court has none of the subject-matter.   There was no course open but to dismiss the complaint.   See the opinion of this court on the former appeal, (19 N. Y. Supp. 239.)   The judgment of the general term below must therefore be affirmed, with costs.